UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04  1168  MLW  CIVIL ACTION
NO.

PHOTON DYNAMICS, INC.
          Plaintiff,

VS.

HORN INTERNATIONAL PACKAGING, INC.,
LAMCO SYSTEMS, INC.
          Defendants.

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED _yes_
LOCAL RULE 4.1 _____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _YDM_
DATE _7/22/04_

**COMPLAINT**

     Now comes the plaintiff, Photon Dynamics, Inc., in the

above captioned matter, by and through its undersigned

counsel, Clinton & Muzyka, P.C., and files this Complaint

against Defendants, Horn International Packaging, Inc.

(hereinafter referred to as "Horn") and Lamco Systems, Inc.

(hereinafter referred to as "Lamco".)

     1.   Plaintiff, Photon Dynamics, Inc., is a corporation

          duly organized and existing under the laws of a

          foreign jurisdiction with a usual place of business

          at 5970 Optical Court, San Jose, CA 95138.

     2.   On or about October 24, 2002, Photon Dynamics, Inc.

          contracted to purchase a large area gantry stage

          designed to inspect LCD monitor flat panels with a

          model no. AC-3600 and serial no. 20625, known as the

          "AC-3600", from its manufacturer, Danaher Motion

          LLC, (hereinafter referred to as "Danaher") with a

2

usual place of business at 200 Flanders Road, Westboro, MA 01581, as a part of an equipment supply agreement valued at $525,270.00.

3.    Defendant Horn is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 11 Westford Road, Ayer, MA 01432.  Upon information and belief, Horn designed, manufactured and installed the packaging necessary for the safe transport of the AC-3600 from Westboro, Massachusetts to San Jose, California.

4.    Defendant Lamco is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 4 Cummins Road, Tyngsboro, MA 01879.  Upon information and belief, Lamco was subcontracted by Horn to package the AC-3600 for its safe transport from Westboro, Massachusetts to San Jose, California.

3

## JURISDICTION

5.  This action is proper in federal court due to
    diversity of citizenship 28, U.S.C. § 1332, and the
    matter in controversy exceeds the sum or value of
    $75,000, exclusive of interest and costs.

## FACTS

6.  On or about April 30, 2003, Photon Dynamics, Inc.
    contracted with Horn to package the AC-3600 for its
    safe transport from Westboro, Massachusetts to San
    Jose, California.

7.  On or about May 1, 2003, Horn subcontracted the
    packaging work for the safe transport of the AC-3600
    from Westboro, Massachusetts to San Jose, California
    to Lamco.

8.  Between May 1, 2003 and June 4, 2003, Lamco and Horn
    designed, manufactured and installed an
    environmental control system (hereinafter referred
    to as the "HVAC System") necessary to maintain the
    temperature of the AC-3600 between 60 and 80 degrees
    Fahrenheit throughout its transport from Westboro,
    Massachusetts to San Jose, California.

9.  Between May 1, 2003 and June 4, 2003, Photon
    Dynamics, Inc. contacted its transportation agent,

4

C.H. Robinson Worldwide, Inc. (hereinafter referred to as "C.H. Robinson"), to transport the AC-3600 from Westboro, Massachusetts to San Jose, California.

10. On June 5, 2003, C.H. Robinson arranged to have a trucking company, Landstar Express America, Inc. (hereinafter referred to as "Landstar") to receive two wooden crates at Danaher's facility in Westboro, Massachusetts.

11. One crate contained the AC-3600, and the second crate contained the HVAC System.  The crates were loaded and secured on a flatbed truck driven by Mr. David Dosh (hereinafter referred to as "Dosh")

12. While traveling enroute from Westboro, Massachusetts to San Jose, California on June 6, 2003, Dosh stopped at the Phoenix Truck Stop in Barkleyville, Pennsylvania to obtain a permit.

13. While Dosh was obtaining the permit inside the Phoenix Truck Stop, an explosion occurred in the parking lot.

14. Dosh exited the Phoenix Truck Stop, and discovered the two crates containing the HVAC System and the

5

AC-3600 on the flatbed truck were engulfed in
flames.

15.  Upon information and belief, the fire was caused by
a malfunction of the HVAC System designed,
manufactured and installed by Horn and Lamco.

16.  The fire consumed the AC-3600 and rendered it a
constructive total loss.

17.  Plaintiff, Photon Dynamics., Inc., seeks recovery of
costs and miscellaneous expenses incurred as a
result of the fire.  Specifically Photon Dynamics,
Inc. seeks recovery of the value of the AC-3600, the
monies paid for the construction of the destroyed
HVAC System, the additional costs and expenses
incurred to replace the lost HVAC System and the
lost AC-3600, totaling approximately $225,000.00.

### COUNT I - BREACH OF WARRANTY
**(Photon Dynamics, Inc. v. Horn International Packaging, Inc.)**

18.  Plaintiff repeats and realleges paragraphs 1 through
17, inclusive, as though fully set forth herein.

19.  Horn, at all times relevant, engaged in the design,
development, assembly, manufacture, testing,
inspection, packaging, promotion, advertising,
marketing and sale of the HVAC System.

6

20.  Horn expressly and/or impliedly warranted to Photon
     Dynamics and to the general public that said product
     was safe, merchantable and fit for its intended
     purposes and uses.  Horn breached its warranties
     because said product was unsafe, not of merchantable
     quality and/or unfit for its intended purposes.
     Photon Dynamics relied on the warranties made by
     defendant and the plaintiffs sustained damage as a
     direct and proximate result of the breach of
     warranties by Horn.

21.  As a direct and proximate result of the breach of
     warranty of Horn as set forth herein before,
     plaintiff seeks recovery of the value of the AC-
     3600, the monies paid for the construction of the
     destroyed HVAC System, the additional costs and
     expenses incurred to replace the lost HVAC System
     and the lost AC-3600 and other such expenses as will
     be proven at trial.

**WHEREFORE,** Plaintiff prays this Honorable Court enter
judgment in Plaintiff's favor against Horn International
Packaging, Inc. for compensatory damages, costs, interest, and
reasonable attorney fees.

7

## COUNT II
### Negligence
(Photon Dynamics, Inc. v. Horn International Packaging, Inc.)

22. The Plaintiff incorporates herein by reference the
allegations of Paragraphs 1 through 21 of this
Complaint as though fully set forth herein.

23. At all times relevant herein, Horn, its agents,
representatives, and employees had a duty to
exercise due care and caution in the packaging,
delivery and transport of the AC-3600 from Westboro,
Massachusetts to San Jose, California.

24. Notwithstanding the aforesaid duty as set forth in
Paragraph 23 herein, Horn breached its duty in one
or more of the following respects:

   a. Negligently, carelessly and improperly packaged
      the AC-3600 in a manner that failed to protect
      the machine during transportation and delivery;

   b. Negligently, carelessly and improperly supervised
      the packaging of the AC-3600;

   c. Was otherwise careless and negligent.

25. As a result of one or more of the aforesaid acts
and/or omissions of Horn as set forth in Paragraph
24, herein, the AC-3600 was destroyed on June 6,
2003 and suffered a delay in delivery to Photon

8

Dynamics in San Jose, California, resulting in
additional damages to the plaintiff.

26. The negligent or otherwise culpable conduct of Horn
its agents, servants, or employees, was a direct and
proximate result of the damages sustained by Photon
Dynamics.

**WHEREFORE**, Plaintiff prays that this Court enters a
judgment on its behalf and against Horn International
Packaging, Inc. for the amount of its damages, plus interest,
attorney's fees, costs and any further relief as this Court
may deem just.

### COUNT III – BREACH OF WARRANTY
### (Photon Dynamics, Inc. v. Lamco Systems, Inc.)

27. Plaintiff repeats and realleges paragraphs 1 through
26, inclusive, as though fully set forth herein.

28. Lamco, at all relevant times, engaged in the design,
development, assembly, manufacture, testing,
inspection, packaging, promotion, advertising,
marketing and sale of the HVAC System.

29. Lamco, as the manufacturer /seller of the product,
expressly and/or impliedly warranted to Photon
Dynamics and to the general public that said product
was safe, merchantable and fit for its intended

9

purposes and uses.  Lamco breached its warranties
because said product was unsafe, not of merchantable
quality and/or unfit for its intended purposes.
Photon Dynamics relied on the warranties made by
defendant and plaintiff sustained damages as a
direct and proximate result of the breach of
warranties by Defendant Lamco.

30.  As a direct and proximate result of the breach of
warranty of Lamco as set forth herein before,
plaintiff seeks recovery of the value of the AC-
3600, the monies paid for the construction of the
destroyed HVAC System, the additional costs and
expenses incurred to replace the lost HVAC System
and the lost AC-3600 and other such expenses as will
be proven at trial.

**WHEREFORE**, Plaintiff prays this Honorable Court enter
judgment in Plaintiff's favor against Lamco Systems, Inc.
for compensatory damages, costs, interest, and reasonable
attorney fees.

10

## COUNT IV
### Negligence
**(Photon Dynamics, Inc. v. Lamco Systems, Inc.)**

31.   The Plaintiff incorporates herein by reference the
      allegations of Paragraphs 1 through 30 of this
      Complaint as though fully set forth herein.

32.   At all times relevant herein, Lamco, its agents,
      representatives, and employees had a duty to
      exercise due care and caution in the packaging,
      delivery and transport of the AC-3600 from Westboro,
      Massachusetts to San Jose, California.

33.   Notwithstanding the aforesaid duty as set forth in
      Paragraph 32 herein, Lamco breached its duty in one
      or more of the following respects:

      a.   Negligently, carelessly and improperly packaged
           the AC-3600 in a manner that failed to protect
           the machine during transportation and delivery;

      b.   Negligently, carelessly and improperly supervised
           the packaging of the AC-3600;

      c.   Was otherwise careless and negligent.

34.   As a result of one or more of the aforesaid acts
      and/or omissions of Lamco as set forth in Paragraph
      33, herein, the AC-3600 was destroyed on June 6,
      2003 and suffered a delay in delivery to Photon

11

Dynamics in San Jose, California, resulting in

additional damages to the plaintiff.

35.    The negligent or otherwise culpable conduct of Lamco

its agents, servants, or employees, was a direct and

proximate result of the damages sustained by Photon

Dynamics.

**WHEREFORE**, Plaintiff prays that this Court enters a

judgment on its behalf and against Lamco Systems, Inc. for the

amount of its damages, plus interest, attorney's fees, costs

and any further relief as this Court may deem just.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

**Thomas E. Clinton**
**BBO NO. 086960**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617)723-9165

Dated:  July 21, 2004

DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) PHOTON DYNAMICS, INC. V.
   HORN INTERNATIONAL PACKAGING, INC., ET AL

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE
   CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?                                                              YES ☐      NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC 2403)                                YES ☐      NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?  YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO
   TITLE 28 USC 2284?                                                  YES ☐      NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS
   (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                      YES ☐      NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
   (SEE LOCAL RULE 40.1(D)).                                           YES ☐      NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF
   THE DISTRICT?                                                       YES ☐      NO ☒
   (a)      IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Middlesex County

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
    AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐ NO ☐        OR WESTERN SECTION: YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___ Thomas E. Clinton, CLINTON & MUZYKA, P.C.
ADDRESS ___ One Washington Mall, Suite 1400, Boston, MA  02108
TELEPHONE NO. ___ (617) 723-9165

(Catagfrm.rev - 3/97)