UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11636-MLW

**PHOTON DYNAMICS, INC.**
   **Plaintiff,**

VS.

**HORN INTERNATIONAL PACKAGING, INC.,**
**LAMCO SYSTEMS, INC.**
   **Defendants.**

### PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Now comes the plaintiff, Photon Dynamics, Inc., in the above captioned matter, by and through its undersigned counsel, Clinton & Muzyka, P.C., and moves this Honorable Court for permission to amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**I.   BACKGROUND**

This is a breach of warranty and negligence action to recover for damages sustained to commercial equipment owned by the plaintiff while it was in transit from Westboro, Massachusetts to San Jose, California.

The plaintiff commenced this action on July 21, 2004. The original Complaint named Photon Dynamics, Inc. as plaintiff.  The plaintiff recently requested its removal from the proceeding, but its insurer Saint Paul Fire and Marine Insurance Company, as subrogee of its insured's interests pursuant to the terms and conditions of a Commercial Property

2

Insurance Policy, wishes to continue to pursue the action against the defendants. It should be noted that Photon Dynamics, Inc. requested its removal from the proceeding after consultation with its corporate counsel.

## II. ARGUMENT

Rule 15 provides that "a party may amend its pleading once as matter of course at any time before a responsive pleading is served …." Fed.R.Civ.P 15(a). It is an abuse of discretion for the trial judge to deny even a post judgment motion to amend when "(1) the underlying facts or circumstances relied upon by the plaintiff may be a proper subject for relief and (2) there is no "undue delay, bad faith or dilatory motive on behalf of the movant." Foman v. David, 371 U.S. 178, 182 (1962). "Where the amended Complaint would state a valid cause of action a motion to amend should normally be granted." Gaffney v. Silk, 488 F.2d 1249, 1251 (1st Cir. 1973). Even where there is delay the court may not deny a motion to amend without a showing of prejudice to the opposing party. Hayes v. New England Milkworth Distributors, Inc., 602 F.2d 15 (1979); Farkas v. Texas Instruments, Inc., 429 F.2d 849 (1970).

At the time of filing the Complaint, the plaintiff was committed to pursue the action in conjunction with its insurer

3

Saint Paul Fire and Marine Insurance.  After filing the Complaint, the plaintiff reconsidered its position and requested its removal from the proceeding.  As such, the amended complaint deletes the party plaintiff, Photon Dynamics, Inc., and substitutes as the party plaintiff, Saint Paul Fire and Marine Insurance Company.  Photon Dynamics, Inc. submits that its motion should be allowed as there is no undue delay or bad faith underlying its request.

Further still, no responsive pleadings have been filed by the defendants at this time.  A copy of the Amended Complaint is attached hereto as Exhibit "A."

**WHEREFORE**, the plaintiff, Photon Dynamics, Inc., prays that this Honorable Court grant its Motion to Amend the Complaint allowing its insurer, Saint Paul Fire and Marine Insurance Company, to substitute as the party plaintiff.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

**"/s/ Thomas E. Clinton"**
**Thomas E. Clinton**
**BBO NO. 086960**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617)723-9165