UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.  04-11636-MLW

SAINT PAUL FIRE AND MARINE
INSURANCE COMPANY
           Plaintiff,

VS.

HORN INTERNATIONAL PACKAGING, INC.,
LAMCO SYSTEMS, INC.
           Defendants.

AMENDED COMPLAINT

Now comes the plaintiff, Saint Paul Fire and Marine

Insurance Company, in the above captioned matter, by and

through its undersigned counsel, Clinton & Muzyka, P.C., and

files this Amended Complaint pursuant to Fed. R. Civ. P 15(a)

against Defendants, Horn International Packaging, Inc.

(hereinafter referred to as "Horn") and Lamco Systems, Inc.

(hereinafter referred to as "Lamco".)

    1.    Plaintiff, Saint Paul Fire and Marine Insurance

          Company is a corporation duly organized and existing

          under the laws of a foreign jurisdiction and duly

          authorized to issue insurance policies in the State

          of California with a usual place of business at One

          Jericho Plaza, Jericho, NY 11753.

    2.    At all times relevant hereto, plaintiff provided

          Commercial Property insurance coverage to Photon

2

Dynamics, Inc., under policy number 0388JM181704M001 for a large area gantry stage designed to inspect LCD monitor flat panels with a model no. AC-3600 and serial no. 20625, known as the "AC-3600".

3. Photon Dynamics, Inc., is a corporation duly organized and existing under the laws of a foreign jurisdiction with a usual place of business at 5970 Optical Court, San Jose, CA 95138.

4. On or about October 24, 2002, Photon Dynamics, Inc. contracted to purchase the "AC-3600", from its manufacturer, Danaher Motion LLC, (hereinafter referred to as "Danaher") with a usual place of business at 200 Flanders Road, Westboro, MA 01581, as a part of an equipment supply agreement valued at $525,270.00.

5. Defendant Horn is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 11 Westford Road, Ayer, MA 01432.  Upon information and belief, Horn designed, manufactured and installed the packaging necessary for the safe transport of the AC-3600 from Westboro, Massachusetts to San Jose, California.

3

6.   Defendant Lamco is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 4 Cummins Road, Tyngsboro, MA 01879.  Upon information and belief, Lamco was subcontracted by Horn to package the AC-3600 for its safe transport from Westboro, Massachusetts to San Jose, California.

## JURISDICTION

7.   This action is proper in federal court due to diversity of citizenship 28, U.S.C. § 1332, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## FACTS

8.   On or about April 30, 2003, Photon Dynamics, Inc. contracted with Horn to package the AC-3600 for its safe transport from Westboro, Massachusetts to San Jose, California.

9.   On or about May 1, 2003, Horn subcontracted the packaging work for the safe transport of the AC-3600 from Westboro, Massachusetts to San Jose, California to Lamco.

4

10.   Between May 1, 2003 and June 4, 2003, Lamco and Horn
      designed, manufactured and installed an
      environmental control system (hereinafter referred
      to as the "HVAC System") necessary to maintain the
      temperature of the AC-3600 between 60 and 80 degrees
      Fahrenheit throughout its transport from Westboro,
      Massachusetts to San Jose, California.

11.   Between May 1, 2003 and June 4, 2003, Photon
      Dynamics, Inc. contacted its transportation agent,
      C.H. Robinson Worldwide, Inc. (hereinafter referred
      to as "C.H. Robinson"), to transport the AC-3600
      from Westboro, Massachusetts to San Jose,
      California.

12.   On June 5, 2003, C.H. Robinson arranged to have a
      trucking company, Landstar Express America, Inc.
      (hereinafter referred to as "Landstar") to receive
      two wooden crates at Danaher's facility in Westboro,
      Massachusetts.

13.   One crate contained the AC-3600, and the second
      crate contained the HVAC System.  The crates were
      loaded and secured on a flatbed truck driven by Mr.
      David Dosh (hereinafter referred to as "Dosh")

5

14. While traveling enroute from Westboro, Massachusetts
    to San Jose, California on June 6, 2003, Dosh
    stopped at the Phoenix Truck Stop in Barkleyville,
    Pennsylvania to obtain a permit.

15. While Dosh was obtaining the permit inside the
    Phoenix Truck Stop, an explosion occurred in the
    parking lot.

16. Dosh exited the Phoenix Truck Stop, and discovered
    the two crates containing the HVAC System and the
    AC-3600 on the flatbed truck were engulfed in
    flames.

17. Upon information and belief, the fire was caused by
    a malfunction of the HVAC System designed,
    manufactured and installed by Horn and Lamco.

18. The fire consumed the AC-3600 and rendered it a
    constructive total loss.

19. As a result of the fire, plaintiff paid its insured,
    Photon Dynamics., Inc., pursuant to the terms and
    conditions of the Commercial Property Policy No.
    0388JM181704M001, $167,674.00, for which plaintiff
    now seeks recovery.

**COUNT I – BREACH OF WARRANTY**
**(Saint Paul Fire and Marine Insurance Company v. Horn**
**International Packaging, Inc.)**

6

20.  Plaintiff repeats and realleges paragraphs 1 through 19, inclusive, as though fully set forth herein.

21.  Horn, at all times relevant, engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and sale of the HVAC System.

22.  Horn expressly and/or impliedly warranted to Photon Dynamics and to the general public that said product was safe, merchantable and fit for its intended purposes and uses.  Horn breached its warranties because said product was unsafe, not of merchantable quality and/or unfit for its intended purposes. Photon Dynamics relied on the warranties made by defendant and the plaintiff sustained damage as a direct and proximate result of the breach of warranties by Horn.

23.  As a direct and proximate result of the breach of warranty of Horn as set forth herein before, plaintiff seeks recovery of the value of the monies paid to its insured, Photon Dynamics, Inc. for the loss of the AC-3600 and other such expenses as will be proven at trial.

7

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in Plaintiff's favor against Horn International Packaging, Inc. for compensatory damages, costs, interest, and reasonable attorney fees.

## COUNT II
### Negligence
**(Saint Paul Fire and Marine Insurance Company v. Horn International Packaging, Inc.)**

24.  The Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25.  At all times relevant herein, Horn, its agents, representatives, and employees had a duty to exercise due care and caution in the packaging, delivery and transport of the AC-3600 from Westboro, Massachusetts to San Jose, California.

26.  Notwithstanding the aforesaid duty as set forth in Paragraph 25 herein, Horn breached its duty in one or more of the following respects:

    a.  Negligently, carelessly and improperly packaged the AC-3600 in a manner that failed to protect the machine during transportation and delivery;

    b.  Negligently, carelessly and improperly supervised the packaging of the AC-3600;

    c.  Was otherwise careless and negligent.

8

27.   As a result of one or more of the aforesaid acts
      and/or omissions of Horn as set forth in Paragraph
      26, herein, the AC-3600 was destroyed on June 6,
      2003.

28.   The negligent or otherwise culpable conduct of Horn
      its agents, servants, or employees, was a direct and
      proximate result of the damages sustained by the
      plaintiff's insured, Photon Dynamics, Inc.

      **WHEREFORE,** Plaintiff prays that this Court enters a
judgment on its behalf and against Horn International
Packaging, Inc. for the amount of its damages, plus interest,
attorney's fees, costs and any further relief as this Court
may deem just.

### COUNT III – BREACH OF WARRANTY
**(Saint Paul Fire and Marine Insurance Company v. Lamco
Systems, Inc.)**

29.   Plaintiff repeats and realleges paragraphs 1 through
      28, inclusive, as though fully set forth herein.

30.   Lamco, at all relevant times, engaged in the design,
      development, assembly, manufacture, testing,
      inspection, packaging, promotion, advertising,
      marketing and sale of the HVAC System.

31.   Lamco, as the manufacturer /seller of the product,
      expressly and/or impliedly warranted to Photon

9

Dynamics and to the general public that said product was safe, merchantable and fit for its intended purposes and uses. Lamco breached its warranties because said product was unsafe, not of merchantable quality and/or unfit for its intended purposes. Photon Dynamics relied on the warranties made by defendant and plaintiff sustained damages as a direct and proximate result of the breach of warranties by Defendant Lamco.

32. As a direct and proximate result of the breach of warranty of Lamco as set forth herein before, plaintiff seeks recovery of the monies paid to its insured, Photon Dynamics, Inc. for the loss of the AC-3600 and other such expenses as will be proven at trial..

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in Plaintiff's favor against Lamco Systems, Inc. for compensatory damages, costs, interest, and reasonable attorney fees.

**COUNT IV**
**Negligence**
**(Saint Paul Fire and Marine Insurance Company v. Lamco Systems, Inc.)**

10

33.  The Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.  At all times relevant herein, Lamco, its agents, representatives, and employees had a duty to exercise due care and caution in the packaging, delivery and transport of the AC-3600 from Westboro, Massachusetts to San Jose, California.

35.  Notwithstanding the aforesaid duty as set forth in Paragraph 32 herein, Lamco breached its duty in one or more of the following respects:

a.  Negligently, carelessly and improperly packaged the AC-3600 in a manner that failed to protect the machine during transportation and delivery;

b.  Negligently, carelessly and improperly supervised the packaging of the AC-3600;

c.  Was otherwise careless and negligent.

36.  As a result of one or more of the aforesaid acts and/or omissions of Horn as set forth in Paragraph 35, herein, the AC-3600 was destroyed on June 6, 2003.

37.  The negligent or otherwise culpable conduct of Lamco its agents, servants, or employees, was a direct and

11

proximate result of the damages sustained by the plaintiff's insured, Photon Dynamics, Inc.

**WHEREFORE,** Plaintiff prays that this Court enters a judgment on its behalf and against Lamco Systems, Inc. for the amount of its damages, plus interest, attorney's fees, costs and any further relief as this Court may deem just.

By its attorneys,

**CLINTON & MUZYKA, P.C.**


**"/s/ Thomas E. Clinton"**
**Thomas E. Clinton**
**BBO NO. 086960**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617)723-9165