UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04-11636MLW

PHOTON DYNAMICS, INC. )
    Plaintiff )
 )
v. )
 )
HORN INTERNATIONAL PACKAGING, INC., )
LAMCO SYSTEMS, INC. )
    Defendants )

**ANSWER OF THE DEFENDANT, HORN INTERNATIONAL PACKAGING, INC., TO THE COMPLAINT OF THE PLAINTIFF, PHOTON DYNAMICS, INC.**

FIRST DEFENSE

The defendant, Horn International Packaging, Inc., answers the separately numbered paragraphs of the Complaint as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant denies the allegations contained in this paragraph.

3. The defendant denies the allegations contained in this paragraph.

4. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

**JURISDICTION**

5. The defendant denies the allegations contained in this paragraph.

**FACTS**

6. The defendant denies the allegations contained in this paragraph.

7. The defendant denies the allegations contained in this paragraph.

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11. The defendant denies the allegations contained in this paragraph.

12. The defendant denies the allegations contained in this paragraph.

13. The defendant denies the allegations contained in this paragraph.

14. The defendant denies the allegations contained in this paragraph.

15. The defendant denies the allegations contained in this paragraph.

16. The defendant denies the allegations contained in this paragraph.

17. The defendant denies the allegations contained in this paragraph.

**COUNT I - BREACH OF WARRANTY**
(Photon Dynamics, Inc. v. Horn International Packaging, Inc.)

18. The defendant denies the allegations contained in this

paragraph.

19. The defendant denies the allegations contained in this paragraph.

20. The defendant denies the allegations contained in this paragraph.

21. The defendant denies the allegations contained in this paragraph.

### COUNT II
### Negligence
### (Photon Dynamics, Inc. v. Horn International Packaging, Inc.)

22. The defendant denies the allegations contained in this paragraph.

23. The defendant denies the allegations contained in this paragraph.

24. The defendant denies the allegations contained in this paragraph.

25. The defendant denies the allegations contained in this paragraph.

26. The defendant denies the allegations contained in this paragraph.

### COUNT III - BREACH OF WARRANTY
### (Photon Dynamics, Inc. v. Lamco Systems, Inc.)

27. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

28. The defendant makes no answer to the allegations

contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

29. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

30. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

COUNT IV
Negligence
(Photon Dynamics, Inc. v. Lamco Systems, Inc.)

31. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

32. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

33. The defendant makes no answer to the allegations

contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

34. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

35. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, **Horn International Packaging, Inc.** To the extent that they do state a claim against the defendant, they are hereby expressly denied.

SECOND DEFENSE

This court lacks jurisdiction over the subject matter of the Complaint and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

THIRD DEFENSE

This court lacks jurisdiction over the person of the defendant and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

FOURTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

FIFTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P.

12(b)(4) for insufficiency of process.

### SIXTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### SEVENTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### EIGHTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that as a matter of law, Horn International Packaging, Inc. did not make warranties as alleged.

### NINTH DEFENSE

This action is barred by operation of the applicable statute of limitations.

### TENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the service provided complied with all standards.

### ELEVENTH DEFENSE

If the plaintiff is entitled to recover against the defendant, Horn International Packaging, Inc., any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

## TWELFTH DEFENSE

The plaintiff was more than 50% at fault in causing the alleged injuries and, therefore, is barred from recovery by the comparative negligence statute, G.L. c. 231, sec. 85.

## THIRTEENTH DEFENSE

To the extent that the defendant, Horn International Packaging, Inc., had any obligations to the plaintiff, and defendant denies same, any such obligations have been fully, completely and properly performed in every respect, thus the plaintiff is barred from recovery.

## FOURTEENTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant, Horn International Packaging, Inc. and for whose acts or omissions the defendant is not legally responsible.

## FIFTEENTH DEFENSE

The plaintiff has failed to provide timely notice of any breach of warranty, thus the plaintiff is barred from recovery.

THE DEFENDANT DEMANDS A TRIAL BY JURY.

WHEREFORE, the Defendant demands that this action be dismissed and that judgment enter in the Defendant's favor together with costs.

Date: 8/18/04

THE DEFENDANT,
HORN INTERNATIONAL PACKAGING, INC.,
BY ITS ATTORNEY,

_____
Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
(617) 451-2000
FAX: (617) 451-5775

CERTIFICATE OF SERVICE

Pursuant to Mass. R. Civ. P. 5(a) and/or Sup. Ct. R. 9A, I, Anthony M. Campo, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

Thomas C. Clinton, Esq.
Clinton & Muzyka, P.C.
One Washington Mall, Ste. 1400
Boston, MA. 02108

SIGNED UNDER THE PENALTIES OF PERJURY THIS 18th DAY OF August, 2004.

Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
(617) 451-2000
FAX: (617) 451-5775