UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.  04-11636-MLW

SAINT PAUL FIRE AND MARINE
INSURANCE COMPANY
            Plaintiff,

VS.

HORN INTERNATIONAL PACKAGING, INC.,
LAMCO SYSTEMS, INC.
            Defendants.



## AMENDED COMPLAINT

Now comes the plaintiff, Saint Paul Fire and Marine

Insurance Company, in the above captioned matter, by and

through its undersigned counsel, Clinton & Muzyka, P.C., and

files this Amended Complaint pursuant to Fed. R. Civ. P 15(a)

against Defendants, Horn International Packaging, Inc.

(hereinafter referred to as "Horn") and Lamco Systems, Inc.

(hereinafter referred to as "Lamco".)

1.    Plaintiff, Saint Paul Fire and Marine Insurance

Company is a corporation duly organized and existing

under the laws of a foreign jurisdiction and duly

authorized to issue insurance policies in the State

of California with a usual place of business at One

Jericho Plaza, Jericho, NY 11753.

2.    At all times relevant hereto, plaintiff provided

Commercial Property insurance coverage to Photon

2

Dynamics, Inc., under policy number 0388JM181704M001 for a large area gantry stage designed to inspect LCD monitor flat panels with a model no. AC-3600 and serial no. 20625, known as the "AC-3600".

3.    Photon Dynamics, Inc., is a corporation duly organized and existing under the laws of a foreign jurisdiction with a usual place of business at 5970 Optical Court, San Jose, CA 95138.

4.    On or about October 24, 2002, Photon Dynamics, Inc. contracted to purchase the "AC-3600", from its manufacturer, Danaher Motion LLC, (hereinafter referred to as "Danaher") with a usual place of business at 200 Flanders Road, Westboro, MA 01581, as a part of an equipment supply agreement valued at $525,270.00.

5.    Defendant Horn is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 11 Westford Road, Ayer, MA 01432.  Upon information and belief, Horn designed, manufactured and installed the packaging necessary for the safe transport of the AC-3600 from Westboro, Massachusetts to San Jose, California.

3

6.   Defendant Lamco is a corporation duly organized and
     existing under the laws of the Commonwealth of
     Massachusetts with a principal place of business at
     4 Cummins Road, Tyngsboro, MA 01879.  Upon
     information and belief, Lamco was subcontracted by
     Horn to package the AC-3600 for its safe transport
     from Westboro, Massachusetts to San Jose,
     California.

## JURISDICTION

7.   This action is proper in federal court due to
     diversity of citizenship 28, U.S.C. § 1332, and the
     matter in controversy exceeds the sum or value of
     $75,000, exclusive of interest and costs.

## FACTS

8.   On or about April 30, 2003, Photon Dynamics, Inc.
     contracted with Horn to package the AC-3600 for its
     safe transport from Westboro, Massachusetts to San
     Jose, California.

9.   On or about May 1, 2003, Horn subcontracted the
     packaging work for the safe transport of the AC-3600
     from Westboro, Massachusetts to San Jose, California
     to Lamco.

4

10.    Between May 1, 2003 and June 4, 2003, Lamco and Horn
       designed, manufactured and installed an
       environmental control system (hereinafter referred
       to as the "HVAC System") necessary to maintain the
       temperature of the AC-3600 between 60 and 80 degrees
       Fahrenheit throughout its transport from Westboro,
       Massachusetts to San Jose, California.

11.    Between May 1, 2003 and June 4, 2003, Photon
       Dynamics, Inc. contacted its transportation agent,
       C.H. Robinson Worldwide, Inc. (hereinafter referred
       to as "C.H. Robinson"), to transport the AC-3600
       from Westboro, Massachusetts to San Jose,
       California.

12.    On June 5, 2003, C.H. Robinson arranged to have a
       trucking company, Landstar Express America, Inc.
       (hereinafter referred to as "Landstar") to receive
       two wooden crates at Danaher's facility in Westboro,
       Massachusetts.

13.    One crate contained the AC-3600, and the second
       crate contained the HVAC System.  The crates were
       loaded and secured on a flatbed truck driven by Mr.
       David Dosh (hereinafter referred to as "Dosh")

5

14.  While traveling enroute from Westboro, Massachusetts
     to San Jose, California on June 6, 2003, Dosh
     stopped at the Phoenix Truck Stop in Barkleyville,
     Pennsylvania to obtain a permit.

15.  While Dosh was obtaining the permit inside the
     Phoenix Truck Stop, an explosion occurred in the
     parking lot.

16.  Dosh exited the Phoenix Truck Stop, and discovered
     the two crates containing the HVAC System and the
     AC-3600 on the flatbed truck were engulfed in
     flames.

17.  Upon information and belief, the fire was caused by
     a malfunction of the HVAC System designed,
     manufactured and installed by Horn and Lamco.

18.  The fire consumed the AC-3600 and rendered it a
     constructive total loss.

19.  As a result of the fire, plaintiff paid its insured,
     Photon Dynamics., Inc., pursuant to the terms and
     conditions of the Commercial Property Policy No.
     0388JM181704M001, $167,674.00, for which plaintiff
     now seeks recovery.

**COUNT I - BREACH OF WARRANTY**
**(Saint Paul Fire and Marine Insurance Company v. Horn**
**International Packaging, Inc.)**

6

20.  Plaintiff repeats and realleges paragraphs 1 through 19, inclusive, as though fully set forth herein.

21.  Horn, at all times relevant, engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and sale of the HVAC System.

22.  Horn expressly and/or impliedly warranted to Photon Dynamics and to the general public that said product was safe, merchantable and fit for its intended purposes and uses.  Horn breached its warranties because said product was unsafe, not of merchantable quality and/or unfit for its intended purposes. Photon Dynamics relied on the warranties made by defendant and the plaintiff sustained damage as a direct and proximate result of the breach of warranties by Horn.

23.  As a direct and proximate result of the breach of warranty of Horn as set forth herein before, plaintiff seeks recovery of the value of the monies paid to its insured, Photon Dynamics, Inc. for the loss of the AC-3600 and other such expenses as will be proven at trial.

7

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in Plaintiff's favor against Horn International Packaging, Inc. for compensatory damages, costs, interest, and reasonable attorney fees.

**COUNT II**
**Negligence**
**(Saint Paul Fire and Marine Insurance Company v. Horn International Packaging, Inc.)**

24.   The Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25.   At all times relevant herein, Horn, its agents, representatives, and employees had a duty to exercise due care and caution in the packaging, delivery and transport of the AC-3600 from Westboro, Massachusetts to San Jose, California.

26.   Notwithstanding the aforesaid duty as set forth in Paragraph 25 herein, Horn breached its duty in one or more of the following respects:

   a.   Negligently, carelessly and improperly packaged the AC-3600 in a manner that failed to protect the machine during transportation and delivery;

   b.   Negligently, carelessly and improperly supervised the packaging of the AC-3600;

   c.   Was otherwise careless and negligent.

8

27.  As a result of one or more of the aforesaid acts
     and/or omissions of Horn as set forth in Paragraph
     26, herein, the AC-3600 was destroyed on June 6,
     2003.

28.  The negligent or otherwise culpable conduct of Horn
     its agents, servants, or employees, was a direct and
     proximate result of the damages sustained by the
     plaintiff's insured, Photon Dynamics, Inc.

   **WHEREFORE,** Plaintiff prays that this Court enters a
judgment on its behalf and against Horn International
Packaging, Inc. for the amount of its damages, plus interest,
attorney's fees, costs and any further relief as this Court
may deem just.

### COUNT III - BREACH OF WARRANTY
**(Saint Paul Fire and Marine Insurance Company v. Lamco
Systems, Inc.)**

29.  Plaintiff repeats and realleges paragraphs 1 through
     28, inclusive, as though fully set forth herein.

30.  Lamco, at all relevant times, engaged in the design,
     development, assembly, manufacture, testing,
     inspection, packaging, promotion, advertising,
     marketing and sale of the HVAC System.

31.  Lamco, as the manufacturer /seller of the product,
     expressly and/or impliedly warranted to Photon

9

Dynamics and to the general public that said product was safe, merchantable and fit for its intended purposes and uses.  Lamco breached its warranties because said product was unsafe, not of merchantable quality and/or unfit for its intended purposes. Photon Dynamics relied on the warranties made by defendant and plaintiff sustained damages as a direct and proximate result of the breach of warranties by Defendant Lamco.

32.  As a direct and proximate result of the breach of warranty of Lamco as set forth herein before, plaintiff seeks recovery of the monies paid to its insured, Photon Dynamics, Inc. for the loss of the AC-3600 and other such expenses as will be proven at trial..

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in Plaintiff's favor against Lamco Systems, Inc. for compensatory damages, costs, interest, and reasonable attorney fees.

## COUNT IV
### Negligence
**(Saint Paul Fire and Marine Insurance Company v. Lamco Systems, Inc.)**

10

33.  The Plaintiff incorporates herein by reference the
     allegations of Paragraphs 1 through 32 of this
     Complaint as though fully set forth herein.

34.  At all times relevant herein, Lamco, its agents,
     representatives, and employees had a duty to
     exercise due care and caution in the packaging,
     delivery and transport of the AC-3600 from Westboro,
     Massachusetts to San Jose, California.

35.  Notwithstanding the aforesaid duty as set forth in
     Paragraph 32 herein, Lamco breached its duty in one
     or more of the following respects:

     a.  Negligently, carelessly and improperly packaged
         the AC-3600 in a manner that failed to protect
         the machine during transportation and delivery;

     b.  Negligently, carelessly and improperly supervised
         the packaging of the AC-3600;

     c.  Was otherwise careless and negligent.

36.  As a result of one or more of the aforesaid acts
     and/or omissions of Horn as set forth in Paragraph
     35, herein, the AC-3600 was destroyed on June 6,
     2003.

37.  The negligent or otherwise culpable conduct of Lamco
     its agents, servants, or employees, was a direct and

11

proximate result of the damages sustained by the plaintiff's insured, Photon Dynamics, Inc.

**WHEREFORE,** Plaintiff prays that this Court enters a judgment on its behalf and against Lamco Systems, Inc. for the amount of its damages, plus interest, attorney's fees, costs and any further relief as this Court may deem just.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

**"/s/ Thomas E. Clinton"**
**Thomas E. Clinton**
**BBO NO. 086960**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617)723-9165