FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2004 SEP 30 P 3: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

SAINT PAUL FIRE AND MARINE )
INSURANCE COMPANY, )
    Plaintiff )
)
v. ) C.A. NO.: 04-11636 MLW
)
HORN INTERNATIONAL PACKAGING, INC., )
LAMCO SYSTEMS, INC. )
    Defendants )

**ANSWER OF THE DEFENDANT, HORN INTERNATIONAL PACKAGING, INC., TO THE COMPLAINT OF THE PLAINTIFF, SAINT PAUL FIRE AND MARINE INSURANCE COMPANY, AND CROSS-CLAIM OF THE DEFENDANT, HORN INTERNATIONAL PACKAGING, INC., AGAINST THE CO-DEFENDANT, LAMCO SYSTEMS, INC.**

FIRST DEFENSE

The defendant, Horn International Packaging, Inc. ("Horn International"), answers the separately numbered paragraphs of the Amended Complaint as follows:

1. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Horn International admits that it is a Massachusetts corporation but denies all other allegations contained in this paragraph.

6. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding Lamco's corporate status and denies the remainder of the allegations contained in this paragraph.

## JURISDICTION

7. Horn International denies the allegations contained in this paragraph.

## FACTS

8. Horn International denies the allegations contained in this paragraph.

9. Horn International denies the allegations contained in this paragraph.

10. Horn International denies the allegations contained in this paragraph.

11. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Horn International admits the allegations contained in this paragraph relating to one crate containing the AC-3600 and

the other crate containing an HVAC system but denies the remainder of the allegations contained in this paragraph.

14. Horn International admits the allegations contained in this paragraph.

15. Horn International is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph relating to Dosh's actions, but Horn International admits the allegations contained in this paragraph relating to a fire having occurred.

17. Horn International denies the allegations contained in this paragraph.

18. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Horn International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**COUNT I - BREACH OF WARRANTY**
(Saint Paul Fire and Marine Insurance Company v.
Horn International Packaging, Inc.)

20. Horn International's answers to paragraphs 1 through 19 are repeated, reasserted and incorporated herein by reference.

21. Horn International denies the allegations contained in this paragraph.

22. Horn International denies the allegations contained in this paragraph.

23. Horn International denies the allegations contained in this paragraph.

### COUNT II - NEGLIGENCE
### (Saint Paul Fire and Marine Insurance Company v. Horn International Packaging, Inc.)

24. Horn International's answers to paragraphs 1 through 23 are repeated, reasserted and incorporated herein by reference.

25. To the extent that this paragraph alleges and/or asserts a legal and precatory conclusion, it is hereby expressly denied.

26. Horn International denies the allegations contained in this paragraph.

27. Horn International denies the allegations contained in this paragraph.

28. Horn International denies the allegations contained in this paragraph.

WHEREFORE, the Defendant, Horn International Packaging, Inc., demands that this action be dismissed and that judgment enter in its favor together with costs.

### COUNT III - BREACH OF WARRANTY
### (Photon Dynamics, Inc. v. Lamco Systems, Inc.)

29. - 32. Horn International makes no answer to the allegations contained in these paragraphs as they do not purport to state a claim against it. To the extent that they do state a claim against Horn International or otherwise require an answer, however, they are hereby expressly denied.

## COUNT IV - NEGLIGENCE
### (Photon Dynamics, Inc. v. Lamco Systems, Inc.)

33. - 37. Horn International makes no answer to the allegations contained in these paragraphs as they do not purport to state a claim against it. To the extent that they do state a claim against Horn International or otherwise require an answer, however, they are hereby expressly denied.

### SECOND DEFENSE

This court lacks jurisdiction over the subject matter of the Complaint and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### THIRD DEFENSE

This court lacks jurisdiction over the person of the defendant and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### FOURTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

### FIFTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process.

### SIXTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## SEVENTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## EIGHTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that as a matter of law, Horn International Packaging, Inc. did not make warranties as alleged.

## NINTH DEFENSE

This action is barred by operation of the applicable statute of limitations.

## TENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the service provided complied with all standards.

## ELEVENTH DEFENSE

If the plaintiff is entitled to recover against the defendant, Horn International Packaging, Inc., then any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

## TWELFTH DEFENSE

The plaintiff was more than 50% at fault in causing the alleged injuries and, therefore, is barred from recovery by the comparative negligence statute, G.L. c. 231, sec. 85.

6

THIRTEENTH DEFENSE

To the extent that the defendant, Horn International Packaging, Inc., had any obligations to the plaintiff, and defendant denies same, any such obligations have been fully, completely and properly performed in every respect, thus the plaintiff is barred from recovery.

FOURTEENTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant, Horn International Packaging, Inc. and for whose acts or omissions the defendant is not legally responsible.

FIFTEENTH DEFENSE

The plaintiff has failed to provide timely notice of any breach of warranty, thus the plaintiff is barred from recovery.

THE DEFENDANT DEMANDS A TRIAL BY JURY.

## CROSS-CLAIM OF THE DEFENDANT, HORN INTERNATIONAL PACKAGING, INC., AGAINST THE CO-DEFENDANT, LAMCO SYSTEMS, INC.

### CROSS-CLAIM COUNT I - CONTRIBUTION

1. The cross-claim defendant, Lamco Systems, Inc., was negligent in causing the damages alleged by the plaintiff.

2. The cross-claim defendant, Lamco Systems, Inc., is liable for contribution pursuant to G.L. c. 231B.

WHEREFORE, the cross-claim plaintiff, Horn International Packaging, Inc., demands judgment for contribution against the

7

cross-claim defendant, Lamco Systems, Inc., together with interest and costs.

### CROSS-CLAIM COUNT II - INDEMNIFICATION

3. The cross-claim defendant, Lamco Systems, Inc., impliedly agreed to indemnify the cross-claim defendant for the claims of the plaintiff.

4. The cross-claim defendant, Lamco Systems, Inc., is obligated to indemnify the cross-claim plaintiff, Horn International Packaging, Inc., for any judgment entered against it together with interest, costs and attorney fees.

WHEREFORE, the cross-claim plaintiff, Horn International Packaging, Inc., demands that judgment for indemnity enter against the cross-claim defendant, Lamco Systems, Inc., for any judgment entered against the cross-claim plaintiff together with interest, costs and attorney fees.

THE DEFENDANT/CROSS-CLAIM PLAINTIFF, HORN INTERNATIONAL PACKAGING, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THE COMPLAINT OF THE PLAINTIFF AND IN ITS CROSS-CLAIM AGAINST CO-DEFENDANT/CROSS-CLAIM DEFENDANT, LAMCO SYSTEMS, INC.

Date: September 30, 2004

THE DEFENDANT,
HORN INTERNATIONAL PACKAGING, INC.,
BY ITS ATTORNEY,

Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
(617) 451-2000
FAX: (617) 451-5775

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a) and/or Sup. Ct. R. 9A, I, Anthony M. Campo, do hereby certify that a copy of the foregoing documents have been served by facsimile and first-class mail postage prepaid on all parties or their representatives in this action as listed below:

Thomas C. Clinton, Esq.

Clinton & Muzyka, P.C.

One Washington Mall, Ste. 1400

Boston, MA. 02108

SIGNED UNDER THE PENALTIES OF PERJURY THIS 30th DAY OF September, 2004.

Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
(617) 451-2000
FAX: (617) 451-5775

\\Boyle4\Apps\WordDocs\Cases\6162\plead\ANS AMENDED CPL.doc

9