UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SAINT PAUL FIRE AND MARINE
INSURANCE COMPANY,
        Plaintiff,

v.                                                  C.A. NO: 04-11636 MLW

HORN INTERNATIONAL PACKAGING, INC.
and
LAMCO SYSTEMS, INC.,
        Defendants.

### LAMCO SYSTEMS, INC.'S ANSWER TO AMENDED COMPLAINT AND JURY CLAIM

1.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

2.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

3.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

4.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

5.    The Defendant admits that allegations contained in the first sentence of this Paragraph. The Defendant is without information sufficient to admit or deny the remaining allegations contained in this Paragraph.

6.    The Defendant admits the allegations contained in the first sentence of this Paragraph. The Defendant denies the allegations contained in the second sentence of this Paragraph except to admit that it fabricated an HVAC system to specifications provided by Horn.

7.    The Defendant admits the allegations contained in the Paragraph.

8.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

9. The Defendant denies the allegations contained in this Paragraph.

10. The Defendant denies the allegations contained in the second sentence of this Paragraph except to admit that it fabricated an HVAC system to specifications provided by Horn.

11. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

12. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

13. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

14. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

15. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

16. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

17. The Defendant denies the allegations contained in this Paragraph.

18. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

19. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

## COUNT I

20. The Defendant repeats and reavers its responses to Paragraphs 1 through 19 as if specifically set forth herein.

21. The Defendant admits the allegations contained in the Paragraph.

22. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

23. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

This Count does not seek recovery from this Defendant and therefore no further response is necessary.

## COUNT II

24. The Defendant repeats and reavers its responses to Paragraphs 1 through 23 as if specifically set forth herein.

25. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

26. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

27. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

28. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

This Count does not seek recovery from this Defendant and therefore no further response is necessary.

## COUNT III

29. The Defendant repeats and reavers its responses to Paragraphs 1 through 28 as if specifically set forth herein.

30. The Defendant denies the allegations contained in the second sentence of this Paragraph except to admit that it fabricated an HVAC system to specifications provided by Horn.

31. The Defendant denies the allegations contained in the second sentence of this Paragraph except to admit that it fabricated an HVAC system to specifications provided by Horn. The Defendant denies it made any express warranties other than those appearing in a document dated March 26, 2003 directed to Horn. Any warranties that arise as a matter of law were not "made" by the Defendant.

32. The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Amended Complaint should be dismissed and the Plaintiff take nothing and the Defendant be awarded its costs and attorneys' fees.

## COUNT IV

33. The Defendant repeats and reavers its responses to Paragraphs 1 through 32 as if specifically set forth herein.

34. The Defendant denies the allegations contained in this Paragraph.

35. The Defendant denies the allegations contained in this Paragraph.

36. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

37. The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Amended Complaint should be dismissed and the Plaintiff take nothing and the Defendant be awarded its costs and attorneys' fees

## AFFIRMATIVE DEFENSES

First Affirmative Defense
And answering further, the Defendant states that the Amended Complaint fails to state a claim upon which relief may be granted and therefore should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6).

Second Affirmative Defense
And answering further, the Defendant states that the Plaintiff's subrogor may have been negligent with respect to the circumstances of this loss and if so, the Plaintiff recovery is barred or reduced pursuant to Mass. G. L. c. 231 §85.

## JURY CLAIM

The Defendant demands a trial by jury as to all allegations set forth in the Amended Complaint, this Answer and any further responsive pleadings.

The Defendant,
Lamco Systems, Inc.,
By its Attorneys,

Scott J. Tucker – BBO 503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.

Scott J. Tucker  10-19-04